UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH KEITH MATTHEWS,<br><br>Petitioner,<br><br>v.<br><br>RON RACKLEY, Warden,<br><br>Respondent. | No. 2:17-cv-0440 MCE AC P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner incarcerated at Folsom State Prison under the authority of the California Department of Corrections and Rehabilitation (CDCR). Petitioner proceeds pro se and in forma pauperis with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See ECF No. 1. Petitioner challenges his December 2012 robbery conviction on three grounds: (1) the trial court erred in finding true a sentencing enhancement for personal use of a firearm; (2) petitioner's trial counsel was ineffective; and (3) the prosecutor engaged in misconduct.

Currently pending before the court is respondent's motion to dismiss this action on the ground that it was commenced beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). See ECF No. 14. Respondent also contends that petitioner's first ground for relief is noncognizable in federal

1

habeas. Petitioner opposes the motion. ECF Nos. 17, 19.[1]  Respondent has filed a reply. ECF No. 18.

This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the undersigned recommends that respondent's motion to dismiss this action be granted.

II. Chronology

The following dates are pertinent to the court's analysis:

- **January 27, 2012**: Following his conviction for second degree robbery and a finding that the alleged sentencing enhancement (personal use of a firearm) was true, petitioner was sentenced to a determinate state prison term of twelve years. Lodg. Doc. 1 (Abstract of Judgment, Case No. 10F06839, Sacramento County Superior Court).

- **December 6, 2012**: The California Court of Appeal, Third Appellate District, affirmed the judgment but ordered the trial court to correct the abstract of judgment to reflect the accurate amount of the restitution fine orally ordered by the trial court and to include the trial court's oral imposition of a revocation fine suspended unless parole is revoked.[2] Lodg. Doc. 2 (Opinion, Case No. C070316, California Court of Appeal). Petitioner did not file a petition for review in the California Supreme Court.

////
////
////
////

---

[1] After briefing on respondent's motion was complete, petitioner filed an "addendum." ECF No. 19. Although neither the Local Rules nor the Federal Rules of Civil Procedure authorize the filing of a surreply as a matter of right, the court finds petitioner's three-page addendum helpful in construing his four-page opposition, with no prejudice to respondent. Therefore, the court considers the substance of petitioner's additional filing.

[2] The Court of Appeal's ruling indicates that these changes were matters of clerical error and omission. As such, the amended abstract of judgment did not result in a new judgment. See Brumfield v. Cate, 2010 WL 2267504, at *2, 2010 U.S. Dist. LEXIS 62762, at *4-5 (N.D. Cal. 2010) (holding that the correction of a clerical error was not the result of any judicial evaluation or change in judgment, and therefore was not and could not have constituted a new final judgment).

- Petitioner filed nine pro se state post-conviction collateral challenges to the judgment:
- **First Action (Sacramento County Superior Court Case No. 13HC00290)**

    **April 13, 2013**:[3]  Petition for writ of habeas corpus filed. Lodg. Doc. 3.

    **May 23, 2013**: Motion to vacate or correct sentence (sic) filed. Lodg. Doc. 4 (also designated Case No. 13 HC00290).

    **July 10, 2013**: Petition and motion denied by written order. Lodg. Doc. 5.

- **Second Action (Sacramento County Superior Court Case No. 13HC00669)**

    **September 13, 2013**: Petition for writ of habeas corpus filed. Lodg. Doc. 6.

    **January 13, 2014**: Petition denied by written order. Lodg. Doc. 7.

- **Third Action (California Court of Appeal Case No. C075905)**[4]

    **March 5, 2014**: Petition for writ of habeas corpus filed. Lodg. Doc. 8

    **March 27, 2014**: Petition summarily denied. Lodg. Doc. 9.

- **Fourth Action (California Supreme Court Case No. S217852)**

    **April 2, 2014**: Petition for writ of habeas corpus filed. Lodg. Doc. 10.

    **June 25, 2014**: Petition summarily denied. Lodg. Doc. 11.

- **Fifth Action (Sacramento County Superior Court Case No. 10F06839**

    **January 15, 2015**: Petition for redesignation of sentence under Proposition 47 filed. Lodg. Doc. 12.

    **January 22, 2015**: Petition denied "due to ineligibility based on: The current conviction." Lodg. Doc. 13.

---

[3] Unless otherwise noted, petitioner's filing dates are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

[4] As noted by respondent, see ECF No. 14 at 3 n.5, the only signature dates in petitioner's third petition are copies of signature pages taken from his second petition. The dates provided herein reflect those reflected on the Court of Appeal docket, as provided on the California Courts Case Information website, http://appellatecases.courtinfo.ca.gov/search.cfm?dist=3  This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

- **Sixth Action (Sacramento County Superior Court Case No. 15HC00424)**

    **July 31, 2015**: Petition for writ of habeas corpus filed. Lodg. Doc. 14.

    **September 23, 2015**: Petition denied by written order. Lodg. Doc. 15.

- **Seventh Action (Sacramento County Superior Court Case No. 16HC00246)**

    **June 15, 2016**: Petition for writ of habeas corpus filed. Lodg. Doc. 16.

    **July 29, 2016**: Petition denied by written order. Lodg. Doc. 17.

- **Eighth Action (California Court of Appeal Case No. CO83102)**

    **September 25, 2016**: Petition for writ of habeas corpus filed. Lodg. Doc. 18.

    **October 7, 2016**: Petition summarily denied. Lodg. Doc. 19.

- **Ninth Action (California Supreme Court Case No. S238099)**

    **October 28, 2016**: Petition for writ of habeas corpus filed. Lodg. Doc. 20.

    **December 14, 2016**: Petition summarily denied with citations to In re Robbins (1998) 18 Cal. 4th 770, 780 [petition untimely filed], and In re Miller (1941) 17 Cal. 2d 734, 735 [petition duplicative of prior petition]. Lodg. Doc. 21.

- **February 12, 2017: Petitioner filed the instant federal petition. ECF No. 1.**

III.    Legal Standards

    A.    Motion to Dismiss

A respondent's motion to dismiss, after the court has ordered a response, is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (citing White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989)). Under Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

    B.    Statute of Limitations

Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute provides four alternate trigger dates for commencement of the limitations period. Id., § 2244(d)(1)(A)-(D).

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). "An untimely petition, however, is not 'properly filed' pursuant to 28 U.S.C. § 2244(d)(2), and so it does not toll the statute of limitation." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007)). "A California court's determination that a filing was untimely . . . is dispositive." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010); (citing Carey v. Saffold, 536 U.S. 214, 225-26 (2002)).

Within California's state collateral review system, a properly filed petition is considered "pending" under Section 2244(d)(2) during its pendency in the reviewing court as well as during the interval between a lower state court's decision and the filing of the petition in a higher court, provided the latter is filed within a "reasonable time." Carey, 536 U.S. at 216-17; see also Banjo, 614 F.3d at 968.

However, there is no statutory tolling for the period between a final state court decision and the filing of a federal petition. Duncan v. Walker, 533 U.S. 167 (2001). Moreover, state habeas petitions filed after expiration of the limitations period do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the limitations period has already run).

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted). Petitioner bears the burden of proving

5

application of equitable tolling. Banjo, 614 F.3d at 967 (citations omitted).

   IV.   The Parties' Arguments

Respondent moves to dismiss on the ground that the federal petition was untimely filed after expiration of the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) (which concludes one year after "the [challenged state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Respondent contends that neither statutory nor equitable tolling render the petition untimely.

Petitioner does not dispute that his petition was untimely filed, but asserts that his sentencing enhancement was illegally imposed in violation of state statutory and federal due process requirements, resulting in a fundamental miscarriage of justice that is independently cognizable on federal habeas.

   V.   Analysis

       A.   Federal Petition is Untimely

The instant petition challenges the judgment of the Sacramento County Superior Court entered January 27, 2012. The judgment was affirmed by the California Court of Appeal on December 6, 2012, and became final thirty days thereafter. Cal. Rule of Court 8.366. Petitioner then had ten days, until January 15, 2013, to file a petition for review in the California Supreme Court. Cal. Rule of Court 8.500. Because petitioner did not seek such review, the Superior Court judgment became final at the conclusion of the period for seeking review. Accordingly, the challenged Superior Court judgment became "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) on January 15, 2013. AEDPA's statute of limitations under Section 2244(d)(1)(A) therefore commenced the following day, on January 16, 2013. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Absent tolling, this limitations period expired one year later, on January 15, 2014.

Even if the court assumes that petitioner is entitled to statutory tolling during the pendency of all state post-conviction petitions filed while the limitations period would otherwise have been running, including interval tolling during the course of a "complete round" through the

three-tiered state court system,[5] the limitations period expired approximately two years before the federal petition was filed. The following calculations assume without deciding that petitioner's various collateral challenges in state court were "properly filed" within the meaning of Artuz and progeny.[6]

Eighty-seven (87) days elapsed between the commencement of the statute of limitations on January 16, 2013, and petitioner's filing of his first state petition for collateral relief on April 13, 2013. Assuming that the limitations period was tolled during the pendency of that petition in the superior court, tolling ended when the petition was denied on July 10, 2013.

Another 64 days of the limitations period elapsed before petitioner filed his second superior court petition on September 13, 2013. Petitioner is not entitled to tolling for the period between the denial of his first petition and the filing of his second petition, because interval tolling applies only to periods between petitions filed at ascending court levels within a single "round." See Banjo, 614 F.3d at 968 ("The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled – because it is part of a single round of habeas relief – so long as the filing is timely under California law.") (citations omitted). Assuming that the second superior court petition was nonetheless "properly filed" and stopped the clock a second time, a total of 151 days of the limitations period had now expired.

Assuming that the second superior court petition and ensuing petitions to the California Court of Appeal and California Supreme Court constituted a single round of habeas review, petitioner is entitled to continuous tolling from September 13, 2013 until the California Supreme Court's denial of relief on June 25, 2014. Tolling for a single round applies both to the pendency of the discrete proceedings, and to the intervals between proceedings. See Carey ("California's [original writ] system functions in ways sufficiently like other state systems of collateral review to bring intervals between a lower court decision and a filing of a new petition in a higher court

---

[5] Carey, 536 U.S. at 220 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).
[6] The court need not address the potentially complicated questions whether any such petitions were untimely, successive, or otherwise improperly filed, and therefore without tolling effect, because the federal petition is untimely even under the most generous application of statutory tolling for which petitioner could plausibly advocate.

within the scope of the statutory word 'pending.'").

The limitations period thus resumed running when the California Supreme Court denied petitioner's fourth habeas petition on June 25, 2014. A period of 203 days then passed before the filing of a fifth petition in the superior court on January 15, 2015. Accordingly, a total of 354 days of the limitations period had elapsed by the time the January 2015 petition was filed. That petition was denied a week later, on January 22, 2015. Assuming tolling during the week of pendency, the federal limitations clock then resumed running with eleven days remaining. The one-year limitations period accordingly expired on February 2, 2015.

Petitioner's subsequently-filed state petitions did not impact the limitations period. See Ferguson, 321 F.3d at 823 (state habeas petitions filed after expiration of the one-year statute of limitations have no tolling effect and do not revive the limitations period).

The instant federal petition was filed on February 12, 2017, over two years after expiration of the AEDPA deadline. It is therefore untimely absent equitable tolling.

Petitioner does not contend that he entitled to equitable tolling, but asserts that the alleged sentencing error presented in Claim One resulted in a fundamental miscarriage of justice that is cognizable on federal habeas notwithstanding expiration of the limitations period. Respondent counters that petitioner "confuses state law with federal habeas filing requirements." ECF No. 18 at 2.

B.      Petitioner's Claim One Provides No Exception

Petitioner's Claim One alleges that the trial court erred in finding true the "personal use of a firearm" enhancement set forth in California Penal Code section 12022.53(b), resulting in the imposition of an additional ten-year sentence. See Lodg. Doc. 1. See also Cal. Penal Code § 12022.53(b) (ten-year sentence enhancement for personal use of a firearm during the commission of any felony specified in §12022.53(a)); see also id., § 12022.53(a)(4) (robbery (id., § 211) is a specified felony). Petitioner's argument before this court is unclear. He argued before the California Supreme Court that his robbery conviction was neither fairly tried nor proven beyond a reasonable doubt, and thus failed to meet the specified felony requirement for application of the § 12022.53(b) enhancement. Petitioner also asserted that imposition of the enhancement set forth

8

in § 12022.53(b) failed to meet the conditions set forth in § 12022.53(e), applicable to criminal street gang activity. Petitioner asserted that he "was not found guilty of the required 186.22 gang offense needed in order for 12022.53(b) to be applicable." See Lodg. Doc. 1. at 8. Petitioner further asserted that "the unproven 211 second degree robbery charge was a conduit for the gun enhancement § 12022(a)(1) [authorizing enhancement of only one year for persons armed with a firearm during the commission of a felony], then was [improperly] changed during the trial to the enhancement 12022.53(b)." Id.

Here petitioner challenges the construction of these enhancement statutes by the state courts and asserts their alleged failure of proper construction resulted in the denial of his federal due process rights. However, petitioner's invocation of federal constitutional rights does not transform his state law claims into federal claims. See e.g. Middleton v. Cupp, 768 F.2d at 1085 (federal habeas relief is "unavailable for alleged error in the interpretation or application of state law"); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967) (state sentencing is a matter within the authority of the state and raises no federal question), cert. denied, 395 U.S. 947 (1969). The undersigned finds no cognizable basis upon which to elevate petitioner's state law claims to federal constitutional stature. See Richmond v. Lewis, 506 U.S. 40, 50 (1992) (federal court is required to consider whether state-law error is "'so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990).); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, [even] a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process" or some other constitutional right. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

Moreover, in federal habeas petitions filed after expiration of the statute of limitations, the "miscarriage of justice" exception is limited to petitioners who can show, based on "new reliable evidence," that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Schlup v. Delo, 513 U.S. 298, 324-27 (1995) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)); see also Johnson v. Knowles, 541 F.3d 933, 937 (9th Cir. 2008)

("[t]he miscarriage of justice exception is limited to those extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt"). Petitioner has not made this showing.

For these reasons, petitioner's Claim One fails to excuse his untimeliness and fails to state a cognizable federal habeas claim. See 28 U.S.C. § 2254(a) (federal courts may consider petitions for writ of habeas corpus "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States).

VI. Conclusion

Accordingly, for the reasons explained above, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss, ECF No. 14, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: December 6, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE